UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JERRY FRANKS, | ) | CASE NO. 5:20-cv-969 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION AND ORDER |
| EMMA COLLINS, | ) | |
| | ) | |
| RESPONDENT. | ) | |

*Pro se* petitioner Jerry Franks filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Petitioner is currently incarcerated in the Pickaway Correctional Institution, having been convicted on July 23, 1997 of aggravated murder with specifications, aggravated robbery with specifications, aggravated burglary with specifications, and tampering with evidence. He was sentenced to twenty years to life incarceration with a mandatory three-year definite sentence for possession of a firearm to be served consecutively to his other sentences. As grounds for relief, he asserts he was denied substantive and procedural due process when the Ohio Department of Rehabilitation and Correction ("ODRC") listed his sentence as twenty-eight years to life based on the language of his sentencing order and denied him a parole eligibility hearing. He seeks correction of his sentence and a parole hearing.

Petitioner also acknowledges that this is his numerically second petition. He contends, however, that it is not successive as it concerns parole eligibility and is not an attack on his sentence or conviction. He asks this Court to allow this to proceed as a first petition.

## I. Background

On July 23, 1997, petitioner was found guilty by a jury in the Summit County Court of Common Pleas of aggravated murder in count 2 of the indictment with specifications 1, 2, and 3; aggravated robbery in counts 3 and 4 of the indictment, with specification 1 on both counts; aggravated burglary in count 5 with specification 1, and tampering with evidence in count 6. He was sentenced on September 7, 1997 to thirty full years of incarceration on count 2, ten years incarceration each on counts 3 and 4, five years incarceration on count 5, and 5 years incarceration on count 6. The court merged the specifications for sentencing and sentenced petitioner to three years mandatory incarceration. The court ordered the sentences in counts 3, 4 and 6 to run concurrent to each other and to the sentence imposed in count 2. The five-year sentence imposed for count 5 and the mandatory three-year firearm specifications were ordered to be served consecutive to the sentence in count 2. The court did not indicate if the sentences on count 5 and the mandatory three-year firearm specification were to run consecutive or concurrent to each other.

Petitioner appealed his conviction to the Ohio Ninth District Court of Appeals. He asserted three assignments of error, including that the trial court improperly instructed the jury that two defendants could be principal offenders for the purposes of an aggravating circumstance specification under Ohio Rev. Code § 2929.04(A)(7). *State v. Franks*, No. 18767, 1998 WL 696777, at *5 (Ohio Ct. App. Oct. 7, 1998). The trial court instructed the jury that both petitioner and his codefendant could each be a principal offender for purposes of the aggravating factor when the individuals act together to each perform every act that directly causes the death with the specific intent to cause the death. This specification made the petitioner and his codefendant eligible for the death penalty. Although the jury did not recommend the death penalty, the appellate court

stated that the trial court was required to impose a sentence of life imprisonment with parole eligibility after twenty-five to thirty years served if petitioner was found to be the principal offender. Absent the principal offender specification, petitioner would have received a sentence of life imprisonment with parole eligibility after twenty years. Ohio Rev. Code § 2929.03(C)(1)(a). The appellate court held that, because only one of the victim's wounds was fatal and it was impossible to determine if petitioner or his codefendant delivered that fatal shot, the principal offender specification was not applicable. The court vacated petitioner's sentence of thirty full years and remanded the case for resentencing in accordance with the opinion.

>The trial court resentenced petitioner on February 3, 1999. The journal entry states:
>
>ON 1/29 DEFENDANT IN COURT PURSUANT TO THE REMAND FROM COURT OF APPEALS, CASE #18767 DATED 10/7/98, DEFENDANT IS RESENTENCED IN COUNT TWO AS FOLLOWS: DEFENDANT IS COMMITTED TO THE OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS FOR AN ACTUAL THREE (3) YEAR MANDATORY SENTENCE FOR POSSESSION OF A FIREARM; AND FOR AN INDETERMINATE PERIOD OF NOT LESS THAN TWENTY (20) YEARS TO LIFE FOR PUNISHMENT OF AGGRAVATED MURDER, ORC 2903.01(B), A SPECIAL FELONY; PAY COSTS. DEFENDANT TO BE RETURNED TO THE SOUTHERN OHIO CORRECTIONAL INSTITUTION AT LUCASVILLE, OHIO, FORTHWITH. THREE (3) YEAR MANDATORY SENTENCE IMPOSED IN THIS CASE TO BE SERVED CONSECUTIVELY, NOT CONCURRENTLY, WITH THE SENTENCE IMPOSED IN COUNT TWO. AFTER RELEASE FROM PRISON, DEFENDANT IS ORDERED SUBJECT TO POST-RELEASE CONTROL TO THE EXTENT THE PAROLE BOARD MAY DETERMINE AS PROVIDED BY LAW. DEFENDANT IS ORDERED TO PAY COSTS, INCLUDING ANY FEES PERMITTED PURSUANT TO ORC 2929.18(A)(4). ANY MOTION FOR POST CONVICTION RELIEF IS TO BE FILED WITHIN SIX MONTHS FROM SENTENCING. DEFENDANT GIVEN CREDIT FOR 71 DAYS SERVED IN SUMMIT COUNTY JAIL.

The entry mentions the mandatory three-year sentence that is served consecutive but does not discuss the consecutive sentence imposed on count 5, nor does it mention the concurrent sentences imposed for counts 3, 4, and 6. Petitioner did not appeal that entry nor did he seek clarification.

3

On March 22, 2001, petitioner filed a *pro se* "Delayed Petition for Post-Conviction Relief … and/or Delayed Motion for a New Trial." He asserted two grounds for relief, one related to Brady evidence and one pertaining to meaningful cross examination with the alleged Brady evidence. On December 12, 2001, the trial court found the petition was untimely, and petitioner failed to establish that he was "unavoidably prejudiced from the discovery of the facts" on which he relied to justify the delay, as required by Ohio Revised Code § 2953.23(A).  Petitioner did not appeal that decision.

On October 25, 2016, petitioner filed a second *pro se* Delayed Petition for Post-Conviction Relief asserting three grounds for relief pertaining to Brady evidence, ineffective assistance of counsel, and the right to impeach a codefendant. The trial court denied the petition on January 20, 2017. He appealed that decision. On August 2, 2017, the Ohio Ninth District Court of Appeals overruled petitioner's assignments of error and affirmed the trial court. *State v. Franks*, 95 N.E.3d 773 (Ohio Ct. App. 2017). On September 5, 2017, petitioner filed a notice of appeal with the Ohio Supreme Court asserting the same three grounds for relief. On December 6, 2017, the Ohio Supreme Court declined jurisdiction to hear the appeal.

Petitioner then filed his first Petition for a Writ of Habeas Corpus under 28 U.S.C. §2254, *Franks v. Bradley*, No. 5:18-cv-00035 (N.D. Ohio Apr. 17, 2019) (Zouhary, J.), asserting three grounds for relief:

> GROUND ONE:   Petitioner was denied due process of law and a fair trial under *Brady v. Maryland*, 373 U.S. 83 (1983), because the prosecution withheld exculpatory ballistics evidence and ballistics reports and findings; which later became manifest at his co-defendant's trial yet remains withheld from him to this date.
>
> GROUND TWO:   Petitioner was denied the effective assistance of counsel when counsel failed to properly investigate his case and subject it to meaningful

> adversarial testing to his prejudice, because such deficient performance allowed the prosecution to withhold favorable material and impeachment evidence that inhibited an ability to prove the existence of reasonable doubt in favor of a conviction to a lesser included offense.
>
> GROUND THREE: Petitioner was denied a fair trial, confrontation and due process of law under a retroactive application of *Crawford v. Washington*, 541 U.S. 36 (2004), and *Danforth v. Minnesota*, 552 U.S. 264 (2008), when denied the right to impeach his co-defendant's grossly inconsistent statements to police and testimony at his own trial.

The Court dismissed the petition as untimely-filed under the one-year statute of limitations imposed by 28 U.S.C. § 2244(d)(1)(A). Petitioner filed an appeal of this decision to the United States Sixth Circuit Court of Appeals on May 1, 2019. The Sixth Circuit denied a certificate of appealability on September 6, 2019. He filed a Petition for a Writ of Certiorari with the United States Supreme Court, which was declined on February 26, 2020.

Petitioner calculated that under his sentence imposed on remand in February 1999, he was to serve twenty years to life on count 2 plus three years on the firearm specification, for a total aggregate sentence of twenty-three years to life in prison. As the new sentencing entry was silent on the terms of imprisonment imposed for counts 3, 4, 5, and 6, petitioner contends they are served concurrently, including the term of incarceration for count 5, which originally was a consecutive sentence. Petitioner indicates he should have been eligible for a parole hearing in 2019. He indicates he noticed, when he did not get a parole hearing, that the ODRC still had the five-year consecutive sentence in count 5 from his original sentence listed in his file, setting his parole eligibility date in 2024.

On May 31, 2018, petitioner filed a petition for a writ of mandamus in the Ohio Tenth District Court of Appeals against the ODRC, the Bureau of Sentence Calculation and the Ohio

Adult Parole Authority. He did not pay the filing fee nor did he file an Application to Proceed *In Forma Pauperis*. He thought the county clerk would notify him of the procedure for paying the filing fee. Instead, the magistrate judge recommended dismissal of the petition. Petitioner did not file objections to the magistrate's recommendation and the appellate court adopted the magistrate judge's recommendation. Petitioner did not appeal that decision.

Instead, on January 23, 2019, petitioner filed a motion for relief from judgment under Ohio Civil Procedure Rule 60(b). He indicated his belief that he could only file objections to the magistrate's recommendation if the decision was made on the merits, and not on a procedural issue such as the one in his case. The appellate court denied the motion on March 26, 2019, holding that his failure to object to the magistrate's report and recommendation barred him from raising a claim that the appellate court had erred by adopting it. He appealed that decision to the Ohio Supreme Court. The Supreme Court accepted jurisdiction but denied the appeal on the merits on March 4, 2020, finding that petitioner could not use Rule 60(b) to bypass the time limitations to object to the magistrate's decision imposed by Ohio Civil Procedure Rule 53.

Petitioner has now filed a second petition for a writ of habeas corpus under 28 U.S.C. § 2254. In this petition, he asserts one ground for relief:

> PETITIONER'S RIGHTS OF SUBSTANTIVE AND PROCEDURAL DUE PROCESS HAVE BEEN VIOLATED WHEN HAVING A MINIMUM DUE PROCESS RIGHT TO STATUTORILY BASED PAROLE ELIGIBILITY CONSIDERATION AFTER THE EXPIRATION OF HIS MINIMUM TERM OF 23 YEARS, AS IMPOSED BY THE STATE TRIAL COURT, WHICH EXPIRED IN 2019, AS RESPONDENT REFUSES TO CORRECT THAT DATE THAT IS INCORRECTLY CALCULATED 5-YEARS BEYOND IN THE YEAR 2024.

Petitioner contends that, although this is a numerically second petition, it is not successive because it concerns parole eligibility issues and not issues pertaining to his sentence or his

conviction. He asks this Court to construe this as a first petition relating to his parole eligibility and to order the ODRC to grant him a parole hearing.

## II. Successive Petitions

By enacting 28 U.S.C. § 2244, Congress "establishe[d] a gatekeeping mechanism for the consideration of second or successive habeas corpus applications" brought in federal court by state prisoners. *Stewart v. Martinez–Villareal*, 523 U.S. 637, 641, 118 S. Ct. 1618, 140 L. Ed. 2d 849 (1998) (internal quotation marks and citation omitted). That provision was modified by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) to provide that "[a] claim presented in a second or successive habeas corpus application ... that was not presented in a prior application shall be dismissed" unless (1) "the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or (2) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim ... would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2).

Before bringing a second or successive petition in the district court, a prisoner must move the appropriate court of appeals for authorization to file and must make a "prima facie" showing that his petition satisfies the requirements of either exception. *See* § 2244(b)(3); *see also* § 2255(h) (imposing similar limitations on second or successive motions brought by federal prisoners to vacate their sentences under 28 U.S.C. § 2255). The district court does not have jurisdiction to entertain a successive petition for a writ of habeas corpus in the absence of an order from the court

of appeals authorizing the filing. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). When a second or successive petition is filed in this Court without § 2244(b)(3) authorization, this Court must transfer the petition to the Sixth Circuit Court of Appeals. *Id*. That being the case, this Court is without jurisdiction to entertain this petition if it is successive, unless authorized to do so by the Court of Appeals for the Sixth Circuit.

Not every numerically second habeas petition, however, is subject to these gatekeeping procedures. Instead, a numerically second petition is not properly termed "second or successive" to the extent it asserts claims whose predicates arose after the filing of the original petition. *In re Jones*, 652 F.3d 603, 604–05 (6th Cir. 2010). A petition is successive if "it raises a claim that could have been raised in the first petition but was not so raised, either due to deliberate abandonment or inexcusable neglect." *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006) (citing *McCleskey v. Zant*, 499 U.S. 467, 489, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991)); *see In re Siggers*, 132 F.3d 333, 338 (6th Cir. 1997) (prisoner's claim was successive because he could have discovered the factual predicate to the new claim at the time he filed his first petition). Petitions filed after the first petition was dismissed for failure to exhaust state court remedies are also not considered second or successive petitions. *See Slack v. McDaniel*, 529 U.S. 473, 485-86, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). Conversely, when a prior petition is dismissed on the merits, the prisoner must obtain authorization from the Court of Appeals pursuant to § 2244(b)(3) before filing a subsequent federal habeas application. *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000). These include second petitions filed after the petitioner's first petition was dismissed on grounds of procedural default, or on the grounds that it was barred by the statute of limitations. *See id.*, *Staffney v. Booker*, No. 2:09-cv-14553, 2009 WL 4506425, at *1 (E.D. Mich. Nov. 25, 2009).

Before this Court can consider the merits of this petition, it must determine whether it is successive. The prior petition in this case was dismissed as barred by statute of limitations. Any additional petition would be successive if the factual predicate for the claim could have been discovered in time to include it in the first petition. While petitioner attempts to characterize this as a parole issue, the Court believes it is a sentencing issue. When petitioner was resentenced, the court indicated it was resentencing on count 2; however, it also included in the sentencing order the mandatory three-year firearm specification, post release control, and credit for time served in jail. It did not mention the sentences on counts 3, 4, 5, and 6. That journal entry was entered on the docket in February 1999. Petitioner did not object to or question that entry until he believed he had served his minimum sentence and should be eligible for parole. The information, however, could have been discovered in time to raise this claim in his first petition. The Court concludes therefore that this is a successive petition.

## III.  Conclusion

For all the foregoing reasons, this action is hereby transferred to the United States Sixth Circuit Court of Appeals. *In re Sims*, 111 F.3d 45 (1997).

**IT IS SO ORDERED**.

Dated: October 5, 2020

                                                 **HONORABLE SARA LIOI**
                                                 **UNITED STATES DISTRICT JUDGE**